UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY SCHUYLER and LINDA
SCHUYLER,

        Plaintiffs,

Case No. 04-72131

Honorable John Corbett O'Meara

v.

MAC STEEL, INC., and CONNELL, INC.,

        Defendants.

                              /

**OPINION AND ORDER
DENYING DEFENDANT MAC STEEL'S NOVEMBER 14, 2005
<u>MOTION FOR SUMMARY JUDGMENT</u>**

    This matter came before the court on defendant Mac Steel's November 14, 2005 motion for summary judgment. Plaintiffs' response to the motion was filed February 16, 2006. Oral argument was heard February 23, 2006. Following oral argument, Defendant filed a reply brief March 3, 2006; and Plaintiffs' filed a response to that reply March 14, 2006.

    Plaintiff Gregory Schuyler filed this action after he slipped and fell from a steel beam at the construction site where he was employed as an ironworker in Jackson, Michigan. The incident occurred on January 21, 2002, when Plaintiff straddled a wet and icy beam. Plaintiff filed a two-count complaint alleging negligence and an intentional tort against his employer. Plaintiff has since abandoned the claim based on intentional tort.

    Generally, a general contractor is not liable for a subcontractor's negligence. <u>Hughes v. PMG Building, Inc.</u>, 227 Mich. App. 1, 5 (1997). The exception to this general rule is the common work area doctrine. In order to establish liability against a general contractor, a plaintiff must prove that the defendant, either the property owner or general contractor: 1) failed to take reasonable steps

within its supervisory and coordinating authority, 2) to guard against readily observable and avoidable dangers, 3) that created a high degree of risk to a significant number of workmen, 4) in a common work area. Ormsby v. Capitol Welding Co., 471 Mich. 45, 55-56 (2004).

Genuine issues of material fact are in dispute in this case regarding, among other things, whether the area in which plaintiff Gregory Schuyler was working was a "common work area." Accordingly, the court must deny defendant Mac Steel's motion for summary judgment. See, Fed.R.Civ.P. 56(c).; Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); and Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

## **ORDER**

It is hereby **ORDERED** that defendant Mac Steel's November 14, 2005 motion for summary judgment is **DENIED.**


　　　　　s/John Corbett O'Meara
　　　　　John Corbett O'Meara
　　　　　United States District Judge


Dated:  June 5, 2006